UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DJUAN CHERRY, 376674,

    Plaintiff,

vs.

CITY OF DETROIT,

    Defendant.
_____/

Civil Action No. 18-CV-11139

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, A CERTIFICATE OF APPEALABILITY, AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, confined at the Macomb County Jail in Clinton Township, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his *pro se* application, he challenges his pending prosecution in the 36th District Court for the City of Detroit for malicious destruction of a building. For the reasons stated below, the instant petition must be dismissed because petitioner has yet to be convicted of any criminal charges.

In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Although the Court has jurisdiction to hear pre-trial habeas corpus petitions, it should normally abstain from exercising this jurisdiction if the issues may be resolved either by a state court trial or procedures. *Atkins v. People of the State of Mich.*, 644 F. 2d 543, 545–46 (6th Cir. 1981). Where a petitioner's claims, if successful, would dispose of pending state criminal charges, the claims may be exhausted only by presenting the issues at the state court trial, including claims

---

[1] Because petitioner brought this petition before being criminally convicted, the Court construes his petition as brought under the traditional habeas statute, § 2241(c)(3), not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n.4 (6th Cir. 2008).

that provide an affirmative defense to the charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that habeas review of dispositive claims is not available prior to a state trial. *Id.*

There are two exceptions to this general rule against prejudgment habeas relief: the double jeopardy exception, *Klein v. Leis,* 548 F. 3d 425, 430, n.2 (6th Cir. 2008), and the speedy trial exception, *Atkins*, 644 F. 2d at 547. Petitioner, however, does not allege that the pending state court charges violate his double jeopardy or speedy trial rights. Therefore, the Court will deny the petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999) (citing to 28 U.S.C. § 2243).

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a federal constitutional right, 28 U.S.C. § 2253(c)(2), and leave to appeal *in forma pauperis* is denied because the appeal would be frivolous, 28 U.S.C. § 1915(a)(3).


Dated: April 18, 2018　　　　　　　　　　　s/Bernard A. Friedman
Detroit, Michigan　　　　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2018.

s/Johnetta M. Curry-Williams
Case Manager
